FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 09, 2018

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRENA BULTENA,<br><br>                Plaintiff,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF AGRICULTURE,<br><br>                Defendant. | No.   1:15-CV-03076-SMJ<br><br>**ORDER DISMISSING STATE LAW CLAIMS** |

Before the Court, without oral argument, is Defendant Washington State Department of Agriculture (the Department)'s Motion to Dismiss Plaintiff's State Law Claims, ECF No. 130. Defendant moves to dismiss the claims on the grounds that the Court has dismissed or granted summary judgment on all claims over which it had original jurisdiction. Because all federal-law claims have been eliminated, the balance of factors weighs against this Court's continued exercise of jurisdiction over the remaining state-law claims. Accordingly, the Court grants the motion and dismisses the remaining state law claims.

A federal court has supplemental jurisdiction over pendent state law claims to the extent they are "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C.

ORDER **-** 1

§ 1376. "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *See Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004). However, after acquiring supplemental jurisdiction of a state law claim, a court may decline to exercise jurisdiction if

> (1) The claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1376(c). Indeed, "[i[n the usual case in which all federal-law claims are eliminated before trial, the balance of the factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), *superseded by statute on other grounds as stated in Stanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010).

Here, Bultena originally brought eleven claims. The Court exercised supplemental jurisdiction over the state law claims because they arose from a common nucleus of operative facts. In response to Defendant's motion for summary judgment, Bultena abandoned six claims, including all of her federal claims. In an order ruling on cross-motions for summary judgment, the Court granted summary judgment on all but two claims: a claim for disability discrimination under the Washington Law Against Discrimination (WLAD), and a claim for interference

ORDER - 2

with the Washington Family Leave Act (WFLA). Accordingly, no federal claims remain.

The values of judicial economy, convenience to the parties, fairness and comity are best advanced by dismissing the remaining state law claims for resolution in the Washington State courts. First, state court is the most appropriate forum to address Bultena's remaining state law claims under the WLAD and the WFLA. Moreover, the parties will not be greatly inconvenienced by the Court's decision to decline jurisdiction. This case is still in the summary judgment stage, and the Court has not yet held a pretrial conference or ruled on any pretrial motions. If Bultena chooses to refile in state court, the parties' discovery, briefing, and pretrial motions can be easily transferred and utilized in that forum. Additionally, the period of limitation for Bultena's state law claims is tolled for thirty days after the claims are dismissed unless Washington law provides for a longer tolling period. *See* 28 U.S.C. § 1367(d); *Artis v. Dist. of Columbia*, 138 S. Ct. 594, 603 (2018) (holding that the period of limitations for refiling in state court a state claim dismissed along with related federal claims by a federal district court exercising supplemental jurisdiction, "shall be tolled while the claim is pending [in federal court] and for a period of 30 days after it is dismissed unless state law provides for a longer tolling period). Finally, there is no independent basis to retain jurisdiction

over the claims. Plaintiff and defendant are both citizens of Washington, making the Washington state courts a suitable venue for resolution of the remaining claims.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss Plaintiff's State Law Claims, **ECF No. 130**, and related motion to expedite, **ECF No. 131**, are **GRANTED**.
2. Plaintiff's state law claims brought under the WLAD and WFLA are **DISMISSED** without prejudice.
3. All pending motions are **DENIED AS MOOT.**
4. All hearings and other deadlines are **STRICKEN.**
5. The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 9th day of April 2018.

SALVADOR MENDOZA, JR.
United States District Judge

ORDER - 4